JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FRANKLYN De JESUS RODRIGUEZ ZAPATA, OWNER

JEISYS FOOD MARKET, Inc.

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JOSEPH VACCARO, Esq.    (215) 527 - 0887
3000 No. 06TH STREET
PHILADELPHIA, PA 19133

## DEFENDANTS

UNITED STATES OF AMERICA

County of Residence of First Listed Defendant    WASHINGTON, DC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [X] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 U.S.C. 2011-2036, et. seq.

Brief description of cause: APPEAL FROM FINAL AGENCY DECISION

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   FEBRUARY 06, 2024

SIGNATURE OF ATTORNEY OF RECORD   *Joseph Vaccaro*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

III.   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5701 Germantown Avenue, Philadelphia, PA  19144 _____

Address of Defendant: _____ c/o UNITED STATES DEPARTMENT OF JUSTICE, 950 PENNSYLVANIA AVENUE NW WASHINGTON, DC  20530 _____

Place of Accident, Incident or Transaction: _____ PHILADELPHIA COUNTY PENNSYLVANIA _____

---

**RELATED CASE IF ANY:**

Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?   Yes ☐  No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?   Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ **is /** ☐ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____

_____
*Attorney-at-Law (Must sign above)*

_____
*Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☒ 15. All Other Federal Question Cases. *(Please specify):* 7 U.S.C. 2011-2036, et. seq.

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (Please specify):_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases:  *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____ JOSEPH VACCARO, Esq. _____, counsel of record *or pro se* plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- ☒ XXX Relief other than monetary damages is sought.

DATE: fEBRUARY 06, 2024 _____

*Joseph Vaccaro*
_____
*Attorney-at-Law (Sign here if applicable)*

83366
_____
*Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANKLYN De JESUS RODRIGUEZ ZAPATA, | : | |
| OWNER | : | CIVIL ACTION No.: |
| JEISYS FOOD MARKET Inc. | : | |
| *Plaintiff* | : | 2024 – CV - _____ |
| vs. | : | |
| | : | DE NOVO JUDICIAL REVIEW OF |
| UNITED STATES OF AMERICA, | : | ADMINISTRATIVE ACTION |
| U.S. DEPARTMENT OF AGRICULTURE | : | |
| FOOD and NUTRITION SERVICE | : | |
| ADMINISTRATIVE REVIEW BRANCH | : | |
| RETAILER OPERATIONS DIVISION | : | |
| | : | |
| *Defendant(s)* | : | COMPLAINT |
| | : | |
| | : | JURY TRIAL DEMANDED |

The Plaintiff, FRANKLYN De JESUS RODRIGUEZ ZAPATA, individually & o/b/o

JEISYS FOOD MARKET Inc. by & through his undersigned counsel, hereby respectfully files

this Complaint against the United States of America, *et. al.* upon the grounds set forth herein,

and in support thereof states as follows:

**FACTUAL BACKGROUND**

      1.      At all times material & relevant hereto, the Plaintiff owned & operated a small

retail store in Philadelphia, PA, named JEISYS FOOD MARKET Inc., located at 5701

Germantown Avenue, Philadelphia, PA  19144.

      2.      Located in Pennsylvania's Third Congressional District, on information and belief

and at all times material & relevant hereto, the store serves a community where an estimated

majority of the local residents receive Supplemental Nutrition Assistance Program ("SNAP")

Benefits, are below the poverty level and has an estimated 69,155 households receiving SNAP

benefits.  Of those participant households, approximately 36.5% have children under eighteen

years of age (compared to only 17.6% of those households who do not receive SNAP benefits),

approximately 49.6% have disabled individuals in those households (compared to only 20.1% of those households who do not receive SNAP benefits), approximately 43.1% have one or more people aged 60 years and over (compared to only 33.3% of those households who do not receive SNAP benefits).  A great number of this population are participants in the Supplemental Nutrition Assistance Program (SNAP), formerly known as Food Stamps, which is overseen by the Food & Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA") (hereinafter referred to as "the government") [1].

3.      Accordingly, at all times material & relevant hereto, Plaintiff accepted EBT payments and participated in the SNAP program in order to better serve his customer base.

4.      To the best of the Plaintiff's present recollection & understanding, since the store began accepting food stamps/EBT, Plaintiff has never once received a warning letter, disciplinary action, or any other correspondence from the United States Department of Agriculture which would indicate that the store was somehow improperly accepting benefits or otherwise operating the program incorrectly or participating in the program incorrectly.

5.      Nevertheless, on or about September 13, 2023, the USDA, through the FNS, sent the Plaintiff a Charging Letter, alleging that from April 28, 2023 through May 09, 2023 the Plaintiff engaged in trafficking on two occasions, in violation of the SNAP regulations.  By that letter, the government stated its intention to permanently disqualify the Plaintiff from participation in the program.  See Exhibit One, attached hereto.

6.      On September 29, 2023, the government sent a follow-up letter to the Plaintiff confirming its decision to permanently disqualify the Plaintiff.  See Exhibit Two.

---

[1] Cf. USDA Publication of 2018 (Profile of SNAP Households 2018 for Pennsylvania's Third Congressional District).

7.      On or about October 06, 2023, the Plaintiff sent a written correspondence challenging the government's position and intended disqualification of the Plaintiff.  See Exhibit Three, attached hereto.

8.      On the same date (October 08, 2023), the government acknowledged the Plaintiff's appeal.

9.      By January 09, 2024, the government had sent its final agency decision: the Plaintiff's appeal was denied and the government was proceeding with permanently disqualifying the Plaintiff from participation in the program.  See Exhibit Four, attached hereto.

10.     The Plaintiff takes issue not only with the disciplinary process and the insufficiency of the evidence against him, but also with the lack of sufficient competent evidence that any violations of SNAP retailer policies had occurred.

11.     As a result of the government's actions and omissions as will be described more fully herein, the store stands to lose a considerable portion of its gross revenue (including revenue derived from SNAP) and a substantial portion of its clientele.

12.     This Judicial Appeal has been timely filed and respectfully seeks the reversal of the USDA's current decision to permanently disqualify the Plaintiff from participating as a SNAP retailer.

## JURISDICTION & VENUE

13.     The Plaintiff respectfully brings this action to challenge the permanent disqualification from eligibility to participate in the SNAP program, as codified by Congress in 7 U.S.C. 2011-2036(c).

14.     This Honorable Court has subject matter jurisdiction over the matters raised by the Plaintiff in this case pursuant to 7 U.S.C. 2023(17), and 7 C.F.R. 279.7.  Furthermore, 28

U.S.C. 1331 gives this Honorable Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulations qualify.

15.     Venue is appropriate in this District pursuant to 7 C.F.R. 279.7(a), 7 U.S.C. 2023(13) and 28 U.S.C. 1391(b) as the Plaintiff' business was owned and operated in Philadelphia, PA and because the facts giving rise to the circumstances herein occurred in the Eastern District of Pennsylvania.

## THE PARTIES

16.     The Plaintiff is a for-profit business concern formed under & pursuant to the laws of the Commonwealth of Pennsylvania, having done business at all times material & relevant hereto at the above-captioned address.

17.     The Defendant is the United States of America, acting through its agencies, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and/or its subservice, the Food and Nutrition Service ("FNS"), and/or the Administrative Review Branch, and/or the Office of Retailer Operations and Compliance, and/or Retailer Operations Division.  The Defendant may be referred to herein as "the Government" or "the Department."

## GENERAL ALLEGATIONS

18.     SNAP is a government program operated pursuant to Title 7 of the United States Code, Chapter 51, and codified more specifically as 7 U.S.C. 2011-2036(c).

19.     The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet certain financial need (poverty) requirements.  SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based upon the needs of their household.  These benefits are transmitted to, and utilized by the

participant, though an Electronic Benefits Transfer (EBT) card, which conceptually functions similar to a debit or credit card.

20.     The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers such as Plaintiff.

21.     In turn, SNAP retailers are governed by the Defendant through 7 C.F.R. 278.6 which in pertinent part permits the disqualification or suspension of retailers who violate SNAP regulations.

22.     Significantly, SNAP violations on the part of retailers typically occur in two areas:  (1)  the sale of ineligible items to SNAP participants using their EBT benefits, and (2) trafficking in SNAP benefits.

23.     While most of 7 C.F.R. 278.6 sets forth a graduated scale for punishment of SNAP retailers for the sale of ineligible items, trafficking is treated more harshly.

## ERRORS & OMISSIONS ON THE PART OF THE DEFENDANT

24.     In the instant case, the Plaintiff respectfully avers that he did not violate the regulations by engaging in trafficking, and has defended against the allegations accordingly.

25.     In the instant case, the Plaintiff respectfully avers that the Defendant lacks sufficient direct competent evidence (i.e. eyewitness accounts, receipts, or the like) that such violations occurred:  to date, the government has not produced such direct competent evidence to support its allegations.

26.     Specifically, the government has not identified the alleged inspector(s) or made them available for deposition or cross examination during this process:  the government has denied the Plaintiff his right to face and challenge his accuser(s).

27.     Plaintiff respectfully alleges and avers that the Government's administrative process which led to these proceedings is neither impartial nor unbiased:  the parties have not had a full and fair exchange of information before a neutral arbiter:  this includes but is not limited to forwarding to the Plaintiff a complete unredacted investigative and administrative record.  Rather the government's actions combined the roles of investigator, prosecutor, and arbiter, all into the same group of people:  this can hardly constitute due process.

28.     The Plaintiff respectfully alleges and avers that there was no impartiality in this Departmental or Administrative process.

29.     At the initial stages of the Administrative Decision, it is the Government's burden to prove by a preponderance of the evidence that it is more likely than not that the alleged violations have occurred.

30.     The government did not (and does not) have sufficient evidence to meet that burden, or to link the alleged transactions to the alleged violations.  For purposes of judicial review, the burden does switch to the Plaintiff (though Plaintiff has not gotten that far yet) and for purposes of this matter, the Plaintiff does bear the burden of proof.

## PLAINTIFF'S ALLEGATIONS

31.     To date, the Defendant has not afforded the Plaintiff access to the Administrative Record, aside from the letters from the Government, relied upon by the Government in its analysis.

32.     Furthermore, there have been no decisions made by neutral Administrative Law Judges, or other neutral arbiters with legal training, who could fairly and impartially weigh the evidence during the administrative process to date.

33.     What little due process actually exists in this matter will hopefully be borne out only here, at the Judicial Review stage of this case.

34.     The Plaintiff respectfully submits that the transactions in question were bone fide purchases of food or other eligible items, in exchange for SNAP benefits as the system was intended.

<strong>COUNT I     -     REQUEST FOR JUDICIAL REVIEW</strong>

35.     Plaintiff respectfully incorporates the above paragraphs by reference as though set forth more fully at length herein.

36.     Pursuant to 7 U.S.C. 2023 & 7 C.F.R. 279.7, the Plaintiff has a right to and hereby respectfully requests a de novo judicial review of the permanent disqualification issued by the Defendant.

37.     The Plaintiff respectfully submits & avers that he did not commit any violations of the regulations respectfully ask that this Honorable Court to permit the parties to engage in meaningful discovery and to furthermore conduct a trial on the merits of the matter, permitting the parties to present testimony and submit evidence in support of their positions.

38.     Furthermore, the Plaintiff cannot afford a civil monetary penalty.

39.     The Defendant's actions and omissions as set forth more fully at length herein were both invalid, inaccurate, and insufficient to support a permanent disqualification from participation in the program, for those reasons set forth above, as well as such further reasons as may be discovered.

40.     Accordingly, the Plaintiff respectfully requests that this Honorable Court reverse the Defendant's administrative decision, and remove the Plaintiff from any disqualified persons/store lists maintained within the Department.

41.     Furthermore, to the extent that the Plaintiff incurs attorney fees and court costs associated with this Judicial Appeal, the Plaintiff respectfully requests that this Honorable Court enter such an award in favor of the Plaintiff and against the Defendant.

WHEREFORE, in light of the foregoing, Plaintiff respectfully request that this Honorable Court conduct a de novo review of this matter, permit the parties to engage in discovery, conduct a full and fair trial upon the merits of each party's case, and enter a judgment reversing the permanent disqualification as well as awarding Plaintiff's attorney fees and costs as may be incurred, and for such further relief as this Honorable Court may deem just and proper, given the facts, the law, equity, and the circumstances.

Respectfully Submitted,
/s/ Joseph Vaccaro
JOSEPH VACCARO, Esq.
PA ATTORNEY ID:  83366
3000 No. 06th Street
PHILADELPHIA, PA  19133

TEL:              (215)  527 – 0887
E-MAIL:         VACCAROESQ@ERIELAWCENTER.COM

Attorney for the Plaintiff



September 13, 2023

**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Franklyn De Jesus Rodriguez Zapata
Jeisys Food Market Inc
5701 Germantown Ave
Philadelphia, PA 19144-2136

Dear Sir or Madam:

United States Department of Agriculture (USDA) investigators have investigated your firm. A copy of the report is enclosed. The name(s) of the person(s) who conducted the investigation have been removed. This report contains evidence that violations of the Supplemental Nutrition Assistance Program (SNAP) regulations have occurred in your firm. In addition, transactions involving Pandemic EBT (P-EBT) benefits also violate P-EBT regulations at 7 CFR part 284 (see enclosure).

Your firm is charged with trafficking, as defined in Section 271.2 of the SNAP regulations. As provided by Section 278.6(e)(1) of the SNAP regulations, the sanction for the trafficking violation(s) noted in Exhibit(s) D,E, is permanent disqualification. Violations of SNAP regulations which involved P-EBT benefits also violate corresponding P-EBT regulations at 7 CFR part 284. Please see the enclosure for a list of the P-EBT and SNAP regulations that correspond to each other.

The SNAP regulations also provide that, under certain conditions, FNS may impose a civil money penalty (CMP) of up to $59,000.00 in lieu of permanent disqualification of a firm for trafficking. The SNAP regulations, Section 278.6(i), list the criteria that you must meet in order to be considered for a CMP. If you request a CMP, you must meet each of the four criteria listed and provide the documentation as specified within 10 calendar days of your receipt of this letter. Your request and all documentation must be postmarked by midnight of the 10th calendar day after you receive this letter, in order to be considered timely. If the 10th calendar day falls on a Saturday, Sunday or legal (Federal) holiday, a request with documentation will be timely if it is postmarked the next day which is not a Saturday, Sunday or legal (Federal) holiday. No extension of time can be granted for making a request for a CMP or for providing the required documentation. If your request and the required documentation are not submitted on time, you will lose your right for any further consideration for a CMP. If it is determined that you qualify for a CMP, the amount of that penalty will be $59,000.00. Payment in full is due within 30 calendar days after you receive our determination letter. The amount of the CMP was calculated in accordance with SNAP regulations at Section 278.6(j).

If you do not request consideration for a CMP or are determined to be ineligible for a CMP, the permanent disqualification of your firm shall be effective on the date of receipt of the letter informing you of our final decision (SNAP regulations Section 278.6(c)). If the permanent disqualification of your firm is later reversed through administrative or judicial review, USDA shall not be liable for the value of any sales lost during the period of disqualification you served.

In addition, you are charged with accepting SNAP benefits in exchange for merchandise, which, in addition to eligible foods, included common ineligible non-food items.

<<<   EXHIBIT ONE >>>

The misuse of SNAP benefits noted in Exhibit(s) A,B,C,D,E violates Section 278.2(a) of the SNAP regulations. Further, the violations in Exhibits A,B,C warrant a non-permanent disqualification period as specified in Section 278.6(e) of the SNAP regulations. Under certain conditions, FNS may instead impose a civil money penalty (CMP) in lieu of a disqualification (Section 278.6(f)(1)).

Please be advised that you would be subject to serving the disqualification for the sale of ineligible items even if you meet all the conditions for a CMP in lieu of permanent disqualification.

If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), you may be disqualified from the WIC Program as a result of your disqualification from the SNAP. In accordance with current law governing both the SNAP and the WIC Program, such a WIC Program disqualification is not subject to administrative or judicial review under the WIC Program. A CMP from the Supplemental Nutrition Assistance Program may also result in a WIC Program disqualification, but such a disqualification would be subject to administrative and/or judicial review.

In the event that you sell or transfer ownership of your store subsequent to your disqualification, you will be subject to and liable for a CMP as provided by SNAP regulations Sections 278.6(f)(2),(3) and (4). The amount of this sale or transfer CMP will be calculated based on SNAP regulations 278.6(g).

We may disclose information to the public when a retailer has been disqualified or otherwise sanctioned for violations after the time for any appeals has expired. This information is limited to the name and address of the store, the owner(s)/officer(s) names and information about the sanction itself.

SNAP regulations Section 278.6(b) explain your right to reply to the charges, and Sections 278.6(c) through (m) describe the procedures we will follow in making a decision in this case. If you wish to present any information, explanation, or evidence you have regarding these charges, you must reply within 10 calendar days of the date you receive this letter.

You may reply either by phone or in writing. You may have legal counsel assist you in presenting your reply. If you will be represented by a third party, you must provide a Letter of Representation, signed by the owner, authorizing FNS to communicate with the representative. To respond by phone, please call Shana Long at (720) 772-0175.

Submit any written response to:

      Attn: Shana Long
      USDA, Food and Nutrition Service
      Email: Shana.Long@usda.gov
      Fax: (877) 258-1296

We will fully consider your reply and any documentation you provide before we make a final decision in this matter. However, if we do not hear from you within 10 calendar days of receipt of this letter, we will make a decision based on the information available to us, and advise you of that decision in writing.

Any documentation submitted becomes the property of FNS and will not be returned.

Current SNAP and P-EBT regulations are available online, at https://www.fns.usda.gov/snap/retailer/training.

Sincerely,

Jocelyn Keh
Section Chief, Retailer Operations Division
USDA, Food and Nutrition Service
Supplemental Nutrition Assistance Program

Enclosure(s)

The following crosswalk summarizes the provisions of P-EBT regulations at § 284.1. To determine which P-EBT citation is applicable, see the SNAP regulation(s) cited in the charge letter and find them in the first column below.  The left column lists the citation for each SNAP integrity regulation, the center column summarizes the effect of the provision, and the right column is a crosswalk to the parallel P-EBT integrity regulation.

| SNAP Regulation | Summary | Corresponding P-EBT Regulation |
|---|---|---|
| n/a | background on P-EBT and the function of this section | 7 CFR § 284.1(a) |
| 7 CFR § 271.2 | definition of *trafficking* applies to activities described in such definition involving P-EBT benefits | 7 CFR § 284.1(b)(1) |
| 7 CFR § 271.2 | definition of *firm's practice* applies to activities described in such definition involving P-EBT benefits | 7 CFR § 284.1(b)(2) |
| n/a | definition of *involving P-EBT benefits* or *involve P-EBT benefits* means activities involving P-EBT benefits as well as SNAP benefits, or only P-EBT benefits | 7 CFR § 284.1(b)(3) |
| 7 CFR §§ 278.2, 278.3, and 278.4 | requirements and restrictions on the participation of retail food stores and wholesale food concerns and the redemption of coupons apply to activities involving P-EBT benefits, including the restriction that P-EBT benefits may only be accepted by an authorized firm and only in exchange for eligible food | 7 CFR § 284.1(c) |
| 7 CFR § 278.1 | a firm may be subject to denial or withdrawal for any violations involving P-EBT benefits as specified in the subparagraphs | 7 CFR § 284.1(d) |
| 7 CFR §§ 278.1(b)(4) | firms with certain sanctions for violations involving P-EBT benefits must submit a collateral bond or irrevocable letter or credit as a condition of authorization; the calculation of the value of such collateral bonds or irrevocable letters or credit shall also include the amount of P-EBT redemptions | 7 CFR § 284.1(d)(1) |
| 7 CFR §§ 278.1(b)(3), 278.1(k)(3), 278.1(k)(6), and 278.1(l)(1)(iv) | authorization will be denied or withdrawn for activities indicating a lack of necessary business integrity and reputation, including activities involving P-EBT benefits | 7 CFR § 284.1(d)(2) |
| 7 CFR §§ 278.1(k)(7), 278.1(l)(1)(v), and 278.1(l)(1)(vi) | authorization will be denied or withdrawn for failure to pay fines, penalties, and claims imposed for violations involving P-EBT benefits | 7 CFR § 284.1(d)(3) |

Enclosure

| SNAP Regulation | Summary | Corresponding P-EBT Regulation |
|---|---|---|
| 7 CFR § 278.6 | a firm may be subject to disqualification, monetary penalties, and/or fines for any violations that include activities involving P-EBT benefits as specified in the subparagraphs | 7 CFR § 284.1(e) |
| 7 CFR §§ 278.6(e)(1)(i) and 278.6(i) | permanent disqualification or civil monetary penalty in lieu of permanent disqualification for trafficking applies to trafficking that involves P-EBT benefits | 7 CFR § 284.1(e)(1) |
| 7 CFR § 278.6(e)(1)(ii) | permanent disqualification for violations involving P-EBT benefits, such as the sale of ineligible items, when the firm had already been sanctioned at least twice | 7 CFR § 284.1(e)(2) |
| 7 CFR §§ 278.6(e)(2)(v), 278.6(e)(3)(iv), and 278.6(m) | sanctions for unauthorized acceptance apply to transactions involving P-EBT benefits | 7 CFR § 284.1(e)(3) |
| 7 CFR §§ 278.6(e)(2)(ii), 278.6(e)(2)(iii), and 278.6(e)(2)(iv) | 5-year disqualification for certain firms when collective redemptions exceed food sales in a certain time period; the amount of redemptions shall also include the amount of P-EBT redemptions | 7 CFR § 284.1(e)(4) |
| 7 CFR § 278.6(e)(3)(ii) | 3-year disqualification for any of the violations described in paragraph 278.6(e)(2) when FNS had not previously advised the firm of the possibility that violations were occurring and of the possible consequences of violating the regulations, when those violations involve P-EBT benefits | 7 CFR § 284.1(e)(5) |
| 7 CFR §§ 278.6(e)(4)(ii) and 278.2(f) | 1-year disqualification for transactions involving P-EBT benefits where retailer accepted benefits in payment for items sold on credit | 7 CFR § 284.1(e)(6) |
| 7 CFR §§ 278.6(e)(2)(i), 278.6(e)(3)(i), 278.6(e)(4)(i), and 278.6(e)(5) | disqualifications for sale of ineligible foods applies to transactions involving P-EBT benefits | 7 CFR § 284.1(e)(7) |
| 7 CFR § 278.6(e)(6) | periods of disqualification imposed against firms will be doubled when such firms have been sanctioned for committing violations involving P-EBT benefits | 7 CFR § 284.1(e)(8) |
| 7 CFR § 278.6(e)(7) | warning letters shall be issued to firms when such firms commit violations involving P-EBT benefits, which are too limited to warrant a period of disqualification | 7 CFR § 284.1(e)(9) |

Enclosure

| SNAP Regulation | Summary | Corresponding P-EBT Regulation |
|---|---|---|
| 7 CFR § 278.6(g) | calculation of hardship and transfer of ownership civil money penalties includes consideration of the firm's average monthly redemption of P-EBT benefits | 7 CFR § 284.1(e)(10) |
| 7 CFR § 278.6(j) | calculation of trafficking civil money penalties includes consideration of the firm's average monthly redemption of P-EBT benefits | 7 CFR § 284.1(e)(11) |
| 7 CFR § 278.7 | standards regarding the determination and disposition of claims apply to claims based on P-EBT benefits | 7 CFR § 284.1(f) |
| 7 CFR § 279 | firms aggrieved by administrative action under §284.1(d), (e), and (f) may request administrative review in accordance with Part 279 Subpart A. Firms aggrieved by the determination of such an administrative review may seek judicial review under 5 U.S.C. §§ 702 through 706. | 7 CFR § 284.1(g) |

## Sensitive but Unclassified (SBU) Information

### USDA - FNS
### REPORT OF POSITIVE INVESTIGATION

| STORE NAME AND ADDRESS | CASE IDENTIFICATION NUMBER | DATE |
|---|---|---|
| Jeisys Food Market Inc<br><br>5701 Germantown Ave<br><br>Philadelphia, PA   19144 | *Redacted | 8/24/2023 |

___1___ Investigator(s) and ___0___ Confidential Informant(s) made ___5___ visit(s) to the subject store during the period __4/28/2023__ through __5/9/2023__ . On __5__ visits, violations of the Supplemental Nutrition Assistance Program (SNAP) regulations occurred.  Details of each transaction are attached.

Number of Surveillance Visit(s) ___0___          Number of Client Interview(s) ___0___

**REMARKS:**

Trafficking occurred in Exhibit D, $0.00 in SNAP benefits for $50.00 in cash

Trafficking occurred in Exhibit E, $90.00 in SNAP benefits for $50.00 in cash

CERTIFICATION:

This report consists of 5 exhibit(s) letter(s) A to E totaling 11 pages. The facts stated in this declaration are true to my knowledge. If I am called to testify as a witness in any proceeding, I am competent to testify to the matters stated herein. Further declarant sayeth not. I declare under penalty of perjury the foregoing is true and correct.

SIGNATURE OF INVESTIGATOR

**\*Redacted**

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted<br>04/28/2023 | EXHIBIT  A<br>RESULT: P |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at about 04:24 p.m. and began shopping. The store was well stocked with food and non-food items. I observed several cameras throughout the store. After I had selected my items, I approached the register with my EBT card in my hand. I then placed all my items on the counter and held my EBT card in my hand where the clerk could see it. The clerk then rang each item up and placed each item into a bag provided by the clerk. The clerk then told me my total. I raised my EBT card and told the clerk I was paying with food stamps. The clerk instructed me to swipe my EBT card on the POS terminal. I swiped my EBT card on the POS terminal and entered my PIN. The clerk made no mention of the non-food items being purchased using SNAP benefits and completed the transaction. I asked the clerk for a copy of the receipt. The clerk printed a copy of the receipt and handed it to me with the bagged items, and I departed the subject store at or about 04:33 p.m.

Upon review of the cash register receipt, I noticed that the items were not all listed/described accurately.

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted 04/28/2023 | EXHIBIT  A RESULT: P |
|---|---|---|

## *CLERK INFORMATION*

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 48-53 | 5'4" - 5'7" | 170 - 180 | Black | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

## *EBT BENEFITS ISSUED, USED AND RETURNED:*

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $2312.56 | $18.45 | $2294.11 |
|  |  |  |  |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: Y | SALES TAX CHARGED: N | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $18.45 | N/A | N/A |

## *MERCHANDISE RECEIVED [if applicable]:*

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Boxed Mr. Clean MagicEraser ORIGINAL HOUSEHOLD CLEANING PAD (1 PAD) | I | 1.00 |
| 1 | Package of PARTY U WORLD Premium Quality CUTLERY (51PCS COMBO) | I | NPI |
| 1 | Box of tea bags | E | 3.99 |
| 1 | Box of stuffing mix | E | 3.69 |
| 1 | Box of seafood fry mix | E | 3.29 |
| 1 | Bottle of honey | E | NPI |

**NPI** - NO PRICE INDICATED OR ILLEGIBLE          TYPE:      **E** - ELIGIBLE, **I** - INELIGIBLE, **M** - MAJOR INELIGIBLE, **R** - REFUSAL, **C** - CREDIT, **F** - FREE / NO CHARGE

**TRAFFICKING CASH DATA [if applicable]:**

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted<br>05/02/2023 | EXHIBIT  B<br>RESULT: P |
| --- | --- | --- |

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at about 01:11 p.m. and began shopping. After I had selected my items, I approached the register with my EBT card in my hand. I then placed all my items on the counter and held my EBT card in my hand where the clerk could see it. The clerk then rang each item up and placed each item into a bag provided by the clerk. The clerk then told my total. I raised my EBT card and told the clerk I was paying with food stamps. The clerk instructed me to swipe my EBT card. I swiped my EBT card on the POS terminal and entered my PIN. The clerk made no mention of the non-food items being purchased using SNAP benefits and completed the transaction. The clerk handed me the bagged items and a copy of the receipt, and I departed the subject store at about 01:15 p.m.

Upon review of the cash register receipt, I noticed that the items were not all listed/described accurately.

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 05/02/2023 | EXHIBIT  B RESULT: P |
|---|---|---|

### CLERK INFORMATION

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| F | 55-60 | 5'2" - 5'5" | 155 - 165 | Brown | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

### EBT BENEFITS ISSUED, USED AND RETURNED:

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $966.64 | $15.75 | $950.89 |
|  |  |  |  |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: Y | SALES TAX CHARGED: N | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $15.75 | N/A | N/A |

### MERCHANDISE RECEIVED [if applicable]:

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Package of HB HEAVY DUTY FORK (51 count) | I | 1.49 |
| 1 | Bottle of Lysol BRAND toilet bowl cleaner (236 mL) | I | 2.29 |
| 1 | Box of pasta | E | 2.49 |
| 1 | Bottle of parmesan cheese | E | NPI |
| 1 | Can of chicken breast | E | NPI |

**NPI** - NO PRICE INDICATED OR ILLEGIBLE          TYPE:     **E** - ELIGIBLE, **I** - INELIGIBLE, **M** - MAJOR INELIGIBLE, **R** - REFUSAL, **C** - CREDIT, **F** - FREE / NO CHARGE

| TRAFFICKING CASH DATA [if applicable]: |
|---|
|  |

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted<br>05/03/2023 | EXHIBIT  C<br>RESULT: P |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at about 03:00 p.m. and began shopping. After I had selected my items, I approached the register with my EBT card in my hand. I then placed all my items on the counter and held my EBT card in my hand where the clerk could see it. The clerk then rang each item up and placed each item into a bag provided by the clerk. The clerk then told my total. I raised my EBT card and told the clerk I was paying with food stamps. The clerk instructed me to swipe my EBT card. I swiped my EBT card on the POS terminal and entered my PIN. The clerk made no mention of the non-food items being purchased using SNAP benefits and completed the transaction. The clerk handed me the bagged items, and I departed the subject store at about 03:08 p.m.

The clerk did not provide a receipt for the transaction. Upon checking the EBT transaction history, I learned that the clerk swiped my EBT card for $14.46.

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted 05/03/2023 | EXHIBIT  C RESULT: P |
|---|---|---|

### *CLERK INFORMATION*

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| F | 55-60 | 5'2" - 5'5" | 155 - 165 | Brown | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

### *EBT BENEFITS ISSUED, USED AND RETURNED:*

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $2589.94 | $14.46 | $2575.48 |
| | | | |

| EBT RECEIPT: N | CASH REGISTER RECEIPT: N | SALES TAX CHARGED: N/A | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $14.46 | N/A | N/A |

### *MERCHANDISE RECEIVED [if applicable]:*

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Bottle of AJAX ULTRA DISH LIQUID (14 FL OZ) | I | 1.99 |
| 1 | Package of PARTY U WORLD Premium Quality (51PCS COMBO) | I | NPI |
| 1 | Container of Kool-Aid drink mix | E | NPI |
| 1 | Tub of sugar | E | NPI |

**NPI** - NO PRICE INDICATED OR ILLEGIBLE          TYPE:     **E** - ELIGIBLE, **I** - INELIGIBLE, **M** - MAJOR INELIGIBLE, **R** - REFUSAL, **C** - CREDIT, **F** - FREE / NO CHARGE

**TRAFFICKING CASH DATA [if applicable]:**

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted<br>05/05/2023 | EXHIBIT  D<br>RESULT: D |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at about 02:52 p.m. and began shopping. After I had selected my items, I approached the register with my EBT card in my hand. I then placed all my items on the counter and held my EBT card in my hand where the clerk (Female, 55-60 years old, 5'2" - 5'5" feet tall, 155-165 pounds, brown hair) could see it. The clerk then rang each item up and placed each item into a bag provided by the clerk. The clerk then told me my total. I raised my EBT card and told the clerk I was paying with food stamps. I asked the clerk if she would exchange food stamps for cash. The clerk had difficulty understanding English and spoke to the additional clerk in Spanish. The additional clerk came to the counter and asked what I wanted. I asked the additional clerk (Male, 48-53 years old, 5'4" - 5'7" feet tall, 170-180 pounds, black hair) if he wanted to exchange food stamps for cash. The additional clerk asked how much I wanted. I told the additional clerk $50.00 cash was okay. The additional clerk asked me if I wanted $25.00 cash, and he would charge me $50.00 in food stamps. I said no, I wanted $50.00 in cash, and he could charge me whatever his price was. The additional clerk said he'd charge me $100.00 in food stamps. I said that was okay. The additional clerk canceled the transaction from the clerk and added a total of $100.00 to the register. The additional clerk instructed me to swipe my EBT card on the POS terminal. I swiped my EBT card on the POS terminal and entered my PIN. The additional clerk completed the transaction. The additional clerk turned his back toward me as he went to retrieve the cash, and it was unknown where the clerk retrieved the money from. The additional clerk rolled the $50.00 bill into the receipt and handed it to me. The additional clerk told me to look inside the receipt, and the bill was there. I observed $50.00 cash(1-$50.00). I thanked the additional clerk and told the additional clerk I would stop by another day. I grabbed the bagged items off the counter and departed the subject store at about 02:59 p.m.

Upon review of the cash register receipt, I noticed the number of products itemized on the receipt does not match the number of items purchased in the store. Also, I noticed that the items were not all listed/described accurately. Also, the clerk provided an inaccurate receipt for the transaction. Upon checking the EBT transaction history, I learned that the clerk swiped my EBT card for $104.57. Lastly, I noticed the cash register receipt states that cash was paid. However, that is incorrect there was no cash paid during the investigation.

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 05/05/2023 | EXHIBIT  D RESULT: D |
|---|---|---|

## CLERK INFORMATION

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 48-53 | 5'4" - 5'7" | 170 - 180 | Black | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

## EBT BENEFITS ISSUED, USED AND RETURNED:

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $2274.89 | $104.57 | $2170.32 |
|  |  |  |  |

| EBT RECEIPT: N | CASH REGISTER RECEIPT: Y | SALES TAX CHARGED: N/A | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $104.57 | $0.00 | $50.00 |

## MERCHANDISE RECEIVED [if applicable]:

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Loaf of bread | E | 4.69 |
| 1 | Jar of peanut butter | E | 3.99 |
| 1 | Container of jelly | E | NPI |
| 1 | Bottle of lemonade | E | NPI |

**NPI** - NO PRICE INDICATED OR ILLEGIBLE          TYPE:     **E** - ELIGIBLE, **I** - INELIGIBLE, **M** - MAJOR INELIGIBLE, **R** - REFUSAL, **C** - CREDIT, **F** - FREE / NO CHARGE

**TRAFFICKING CASH DATA [if applicable]:**

1, $50

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted<br>05/09/2023 | EXHIBIT E<br>RESULT: D |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at about 03:46 p.m. and began shopping. After I had selected my items, I stood in line and waited until the clerk was finished with the customer before me. I noticed the customer (male, wearing a hat, 5'4"-5'7" inches tall, 160-170 pounds, 38-43 years old) attempting to purchase a can of soda and talking with the clerk discreetly. I noticed the customer holding a Pennslyvania EBT card. The customer asked the clerk if he could get $20.00 back from his EBT card. The clerk agreed to the customer's request. The clerk added a total to the register and told the customer to swipe his EBT card on the POS terminal and enter his PIN. The customer completed the clerk's request. The clerk removed $20.00 cash (1-$20.00) from the register and handed it to the customer. The customer then walked out of the store. I then walked up to the register, placed all my items on the counter, and held my EBT card in my hand where the clerk could see it. The clerk then rang each item up and placed each item into a bag provided by the clerk. The clerk then told me my total. I raised my EBT card and told the clerk I was paying with food stamps. I asked the clerk if he still wanted to exchange food stamps for cash. The clerk said yes. I told the clerk I wanted $50.00 cash. The clerk said okay. The clerk added a charge of $90.00 to the register for the requested cash. The clerk instructed me to swipe my EBT card. I swiped my EBT card on the POS terminal and entered my PIN. The clerk completed the transaction. The clerk removed $50.00 cash (1-$10.00, 2-$20.00) cash from the register. The clerk printed a copy of the receipt, rolled the cash into the receipt, and handed me the cash rolled with the receipt. The clerk gave me the bagged items, and I thanked the clerk and departed the subject store at about 03:51 p.m.

Upon review of the cash register receipt, I noticed that the items were not all listed/described accurately. Also, I noticed the number of products itemized on the receipt does not match the number of items purchased in the store.

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted 05/09/2023 | EXHIBIT E RESULT: D |
|---|---|---|

### CLERK INFORMATION

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 48-53 | 5'4" - 5'7" | 170 - 180 | Black | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

### EBT BENEFITS ISSUED, USED AND RETURNED:

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $1288.93 | $101.37 | $1187.56 |
| | | | |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: Y | SALES TAX CHARGED: N | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $11.37 | $90.00 | $50.00 |

### MERCHANDISE RECEIVED [if applicable]:

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Bottle of tea | E | 2.50 |
| 1 | Bottle of onion powder | E | 1.99 |
| 1 | Bottle of chili powder | E | NPI |
| 1 | Canister of noodle soup | E | NPI |

**NPI** - NO PRICE INDICATED OR ILLEGIBLE          TYPE:      **E** - ELIGIBLE, **I** - INELIGIBLE, **M** - MAJOR INELIGIBLE, **R** - REFUSAL, **C** - CREDIT, **F** - FREE / NO CHARGE

**TRAFFICKING CASH DATA [if applicable]:**

1, $10

2, $20

September 29, 2023

 United States Department of Agriculture
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Franklyn De Jesus Rodriguez Zapata
Jeisys Food Market Inc
5701 Germantown Ave
Philadelphia, PA 19144-2136

Dear Sir or Madam:

Consideration has been given to the information and evidence available to us relating to our letter of charges dated September 13, 2023, to which you did not reply. We find that the violations cited in our charge letter occurred at your firm.

We considered your eligibility for a trafficking Civil Money Penalty (CMP) according to the terms of Section 278.6(i) of the Supplemental Nutrition Assistance Program (SNAP) regulations. We have determined that you are not eligible for the CMP because you failed to submit sufficient evidence to demonstrate that your firm had established and implemented an effective compliance policy and program to prevent violations of the Supplemental Nutrition Assistance Program.

Therefore, your firm shall be permanently disqualified from the Supplemental Nutrition Assistance Program, effective upon receipt of this letter. This is in accordance with Section 278.6(c) and 278.6 (e)(1) of the SNAP regulations. Violations of SNAP regulations which involved P-EBT benefits also violate corresponding P-EBT regulations at 7 CFR part 284. Please see the enclosure for a list of the P-EBT and SNAP regulations that correspond to each other.

If you continue to accept EBT benefits after receipt of this notice, you may be subject to additional fines and penalties.

This determination will be final unless you submit a written request for review to the Chief, Administrative Review Branch, USDA, FNS, 1320 Braddock Place, 5th Floor, Alexandria, Virginia 22314 or by email to SM.FN.SNAP-ARB@usda.gov. This request must include the FNS number assigned to your store and a phone number and email address for you to facilitate communications regarding the status of your review. Your request for review must be received by email or postmarked by midnight of the 10th calendar day after you receive this letter in order to be considered timely. If you are responding by mail and the 10th calendar day of the period for requesting review falls on a Saturday, Sunday or legal (Federal) holiday, as specified in Section 279.2(c) of the SNAP regulations, a request for review will be timely if it is postmarked the next day which is not a Saturday, Sunday or legal (Federal) holiday. The rules governing your review rights are contained in Section 278.6(n) and Part 279 of the SNAP regulations. If someone (attorney, accountant, etc.) will be representing you in the review process, a written statement signed by you naming this individual as your representative should be included with your request along with a phone number and email address for them. Failure to include this signed statement will delay processing your request.

During this review process, you may not accept EBT benefits until a decision is rendered. If the permanent disqualification of your firm is later reversed through administrative or judicial review,

<<<   EXHIBIT TWO   >>>

USDA shall not be liable for the value of any sales lost during the period of disqualification you served (SNAP regulations Section 278.6(c)).

This determination shall not preclude the Department of Agriculture or any other agency or department of the United States from taking further action to collect any claim determined under the SNAP regulations or under any other pertinent statutes or regulations, nor shall this determination preclude prosecution under any applicable laws.

Your Electronic Benefit Transfer (EBT) processor will be advised to disable your EBT connection. If your EBT machine is government-supplied, it must be returned to the processor. If you accept EBT benefits after the effective date of disqualification, you will be subject to a monetary fine per Section 278.6(m) of the SNAP regulations and possible prosecution under applicable laws.

If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), you may be disqualified from the WIC Program as a result of your disqualification from the SNAP. In accordance with current law governing both the SNAP and the WIC Program, such a WIC Program disqualification is not subject to administrative or judicial review under the WIC Program. A CMP from the Supplemental Nutrition Assistance Program may also result in a WIC Program disqualification, but such a disqualification would be subject to administrative and/or judicial review.

In the event that you sell or transfer ownership of your store subsequent to your disqualification, you will be subject to and liable for a CMP as provided by SNAP regulations Sections 278.6(f)(2), (3), and (4). The amount of this sale or transfer CMP will be calculated based on SNAP regulations at 278.6(g).

We may disclose information to the public when a retailer has been disqualified or otherwise sanctioned for violations after the time for any appeals has expired. This information is limited to the name and address of the store, the owner(s)/officer(s) names and information about the sanction itself.

Current SNAP and P-EBT regulations are available online, at https://www.fns.usda.gov/snap/retailer/training.

If you have questions, please call Shana Long at (720) 772-0175.

Sincerely,

Jocelyn Keh
Section Chief, Retailer Operations Division
USDA, Food and Nutrition Service
Supplemental Nutrition Assistance Program

The following crosswalk summarizes the provisions of P-EBT regulations at § 284.1. To determine which P-EBT citation is applicable, see the SNAP regulation(s) cited in the charge letter and find them in the first column below.  The left column lists the citation for each SNAP integrity regulation, the center column summarizes the effect of the provision, and the right column is a crosswalk to the parallel P-EBT integrity regulation.

| SNAP Regulation | Summary | Corresponding P-EBT Regulation |
|---|---|---|
| n/a | background on P-EBT and the function of this section | 7 CFR § 284.1(a) |
| 7 CFR § 271.2 | definition of *trafficking* applies to activities described in such definition involving P-EBT benefits | 7 CFR § 284.1(b)(1) |
| 7 CFR § 271.2 | definition of *firm's practice* applies to activities described in such definition involving P-EBT benefits | 7 CFR § 284.1(b)(2) |
| n/a | definition of *involving P-EBT benefits* or *involve P-EBT benefits* means activities involving P-EBT benefits as well as SNAP benefits, or only P-EBT benefits | 7 CFR § 284.1(b)(3) |
| 7 CFR §§ 278.2, 278.3, and 278.4 | requirements and restrictions on the participation of retail food stores and wholesale food concerns and the redemption of coupons apply to activities involving P-EBT benefits, including the restriction that P-EBT benefits may only be accepted by an authorized firm and only in exchange for eligible food | 7 CFR § 284.1(c) |
| 7 CFR § 278.1 | a firm may be subject to denial or withdrawal for any violations involving P-EBT benefits as specified in the subparagraphs | 7 CFR § 284.1(d) |
| 7 CFR §§ 278.1(b)(4) | firms with certain sanctions for violations involving P-EBT benefits must submit a collateral bond or irrevocable letter or credit as a condition of authorization; the calculation of the value of such collateral bonds or irrevocable letters or credit shall also include the amount of P-EBT redemptions | 7 CFR § 284.1(d)(1) |
| 7 CFR §§ 278.1(b)(3), 278.1(k)(3), 278.1(k)(6), and 278.1(l)(1)(iv) | authorization will be denied or withdrawn for activities indicating a lack of necessary business integrity and reputation, including activities involving P-EBT benefits | 7 CFR § 284.1(d)(2) |
| 7 CFR §§ 278.1(k)(7), 278.1(l)(1)(v), and 278.1(l)(1)(vi) | authorization will be denied or withdrawn for failure to pay fines, penalties, and claims imposed for violations involving P-EBT benefits | 7 CFR § 284.1(d)(3) |

Enclosure

| SNAP Regulation | Summary | Corresponding P-EBT Regulation |
|---|---|---|
| 7 CFR § 278.6 | a firm may be subject to disqualification, monetary penalties, and/or fines for any violations that include activities involving P-EBT benefits as specified in the subparagraphs | 7 CFR § 284.1(e) |
| 7 CFR §§ 278.6(e)(1)(i) and 278.6(i) | permanent disqualification or civil monetary penalty in lieu of permanent disqualification for trafficking applies to trafficking that involves P-EBT benefits | 7 CFR § 284.1(e)(1) |
| 7 CFR § 278.6(e)(1)(ii) | permanent disqualification for violations involving P-EBT benefits, such as the sale of ineligible items, when the firm had already been sanctioned at least twice | 7 CFR § 284.1(e)(2) |
| 7 CFR §§ 278.6(e)(2)(v), 278.6(e)(3)(iv), and 278.6(m) | sanctions for unauthorized acceptance apply to transactions involving P-EBT benefits | 7 CFR § 284.1(e)(3) |
| 7 CFR §§ 278.6(e)(2)(ii), 278.6(e)(2)(iii), and 278.6(e)(2)(iv) | 5-year disqualification for certain firms when collective redemptions exceed food sales in a certain time period; the amount of redemptions shall also include the amount of P-EBT redemptions | 7 CFR § 284.1(e)(4) |
| 7 CFR § 278.6(e)(3)(ii) | 3-year disqualification for any of the violations described in paragraph 278.6(e)(2) when FNS had not previously advised the firm of the possibility that violations were occurring and of the possible consequences of violating the regulations, when those violations involve P-EBT benefits | 7 CFR § 284.1(e)(5) |
| 7 CFR §§ 278.6(e)(4)(ii) and 278.2(f) | 1-year disqualification for transactions involving P-EBT benefits where retailer accepted benefits in payment for items sold on credit | 7 CFR § 284.1(e)(6) |
| 7 CFR §§ 278.6(e)(2)(i), 278.6(e)(3)(i), 278.6(e)(4)(i), and 278.6(e)(5) | disqualifications for sale of ineligible foods applies to transactions involving P-EBT benefits | 7 CFR § 284.1(e)(7) |
| 7 CFR § 278.6(e)(6) | periods of disqualification imposed against firms will be doubled when such firms have been sanctioned for committing violations involving P-EBT benefits | 7 CFR § 284.1(e)(8) |
| 7 CFR § 278.6(e)(7) | warning letters shall be issued to firms when such firms commit violations involving P-EBT benefits, which are too limited to warrant a period of disqualification | 7 CFR § 284.1(e)(9) |

Enclosure

| SNAP Regulation | Summary | Corresponding P-EBT Regulation |
|---|---|---|
| 7 CFR § 278.6(g) | calculation of hardship and transfer of ownership civil money penalties includes consideration of the firm's average monthly redemption of P-EBT benefits | 7 CFR § 284.1(e)(10) |
| 7 CFR § 278.6(j) | calculation of trafficking civil money penalties includes consideration of the firm's average monthly redemption of P-EBT benefits | 7 CFR § 284.1(e)(11) |
| 7 CFR § 278.7 | standards regarding the determination and disposition of claims apply to claims based on P-EBT benefits | 7 CFR § 284.1(f) |
| 7 CFR § 279 | firms aggrieved by administrative action under §284.1(d), (e), and (f) may request administrative review in accordance with Part 279 Subpart A. Firms aggrieved by the determination of such an administrative review may seek judicial review under 5 U.S.C. §§ 702 through 706. | 7 CFR § 284.1(g) |



Franklyn De Jesus Rodriguez Zapata
Jeisys Food Market Inc.
5701 Germantown Ave
Philadelphia, PA 19144


October 6, 2023


ATTN:        Jocelyn Keh
             USDA, Food and Nutrition Service

FNS #: 0804255

Dear Jocelyn Keh,

This letter is in reference to the Supplemental Nutrition Assistance Program (SNAP) notice issued to my firm on September 29, 2023, regarding the disqualification of my firm from the SNAP Program.

I am requesting an extension prior to being disqualified indefinitely from the SNAP Program, as I did not receive the initial letter detailing the possibility of said disqualification. I greatly appreciate more time to obtain the services of a lawyer that may offer guidance on how to proceed with this matter.

I ask that you please reconsider the implementation of a permanent disqualification from the SNAP Program. I affirm that do not allow trafficking and/or the sale of non-food items with SNAP benefits. All trafficking is strictly forbidden at my establishment.

I have taken this notice very seriously and have taken the proper precautions to ensure that no violations are committed. I will also commit to enforcing all federal regulations in order to participate in the SNAP Program, and have properly retrain my employees. Furthermore, I have placed new flyers at the store to make sure that my employees and costumers read and understand the rules and regulation of the SNAP Program.

If you have any questions, please contact me at (215) 510-6277 or via email at franklin3j@hotmail.com. You may also reach me via correspondence at the address above.


Sincerely,

Franklyn D. Rodriguez Zapata


<<<    EXHIBIT THREE   >>>

October 06, 2023

 **United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Delivery Tracking Number: VIA EMAIL

Franklyn De Jesus Rodriguez Zapata
Jeisys Food Market Inc
5701 Germantown Ave
Philadelphia, PA 19144-2136

RE: Case Number - C0265321

Dear Owner(s),

The Food and Nutrition Service (FNS) has received your timely request for an administrative review of the determination made by the Office of Retailer Operations and Compliance (ROC) about the participation of Jeisys Food Market Inc in the Supplemental Nutrition Assistance Program (SNAP).

The case has been accepted and the case number is indicated above. Please include that number as well as the store name and address in all correspondence for this case.

All information regarding ROC's determination, including any information or documents you previously provided to ROC, has been provided to the Administrative and Judicial Review Branch (AJRB). You do not need to resubmit any documents you have already provided.

Now that your case is in administrative review, your ROC contact person can no longer answer questions or discuss the case with you.

**What Happens Next?**

1. An Administrative Review Officer (ARO) will be assigned: When an ARO is assigned to your case, you will receive another letter explaining the next steps. If you have designated someone to represent you in this matter, they will also receive the letter. The ARO will be assigned as quickly as possible.
2. Opportunity to Submit Additional Information: Please gather and hold any new information and documentation that you will submit to support your your case. Do not send new information until an ARO is assigned to review your case. When the ARO is assigned, you will receive instructions so that you can submit your supporting information and/or documentation directly to the ARO.

**Can My Store Continue to Accept SNAP Benefits?**
If your store was permanently disqualified for trafficking, you cannot accept SNAP benefits during the review process. You must stop accepting SNAP benefits <u>immediately</u>.

If your store was withdrawn or disqualified for a reason other than trafficking, your store can continue to accept SNAP benefits during the review process.

**I was Assessed a Monetary Penalty. Do I Need to Pay it Now?**
No. You do not need to pay any monetary penalties while your administrative review is pending.

**Can I Have Someone Represent Me, such as an Attorney?**
Yes, but you must first send a Letter of Representation or a copy of your retainer agreement to the email SM.FN.SNAP-ARB@usda.gov, or to the mailing address at the end of this letter. The letter of representation authorizes FNS to communicate with your representative. The letter must be signed by a store owner. Please include the store name, address, and case number. If we do not recieve a signed Letter of Representation or retainer agreement, we will send all correspondence to the store owner(s) only. Please note that if you have already submitted a Letter of Representation to ROC and your authorized representative has not changed, you do not need to resubmit it.

The rules governing your review rights are contained in 7 CFR 278.6(n) and 7 CFR 279 of the SNAP regulations.

Sincerely,

Jon Yorgason
Chief, Administrative and Judicial Review Branch
Supplemental Nutrition Assistance Program
Food and Nutrition Service, USDA
1320 Braddock Place, 5th Floor
Alexandria, VA 22314
Email: SM.FN.SNAP-ARB@usda.gov

October 06, 2023

 **United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Delivery Tracking Number: VIA EMAIL

Franklyn De Jesus Rodriguez Zapata
Jeisys Food Market Inc
5701 Germantown Ave
Philadelphia, PA 19144-2136

RE: Case Number - C0265321

Dear Owner(s),

The Food and Nutrition Service (FNS) has received your timely request for an administrative review of the determination made by the Office of Retailer Operations and Compliance (ROC) about the participation of Jeisys Food Market Inc in the Supplemental Nutrition Assistance Program (SNAP).

The case has been accepted and the case number is indicated above. Please include that number as well as the store name and address in all correspondence for this case.

All information regarding ROC's determination, including any information or documents you previously provided to ROC, has been provided to the Administrative and Judicial Review Branch (AJRB). You do not need to resubmit any documents you have already provided.

Now that your case is in administrative review, your ROC contact person can no longer answer questions or discuss the case with you.

**What Happens Next?**

1. <u>An Administrative Review Officer (ARO) will be assigned</u>: When an ARO is assigned to your case, you will receive another letter explaining the next steps. If you have designated someone to represent you in this matter, they will also receive the letter. The ARO will be assigned as quickly as possible.
2. <u>Opportunity to Submit Additional Information</u>: Please gather and hold any new information and documentation that you will submit to support your your case. Do not send new information until an ARO is assigned to review your case. When the ARO is assigned, you will receive instructions so that you can submit your supporting information and/or documentation directly to the ARO.

**Can My Store Continue to Accept SNAP Benefits?**
If your store was permanently disqualified for trafficking, you cannot accept SNAP benefits during the review process. You must stop accepting SNAP benefits <u>immediately</u>.

If your store was withdrawn or disqualified for a reason other than trafficking, your store can continue to accept SNAP benefits during the review process.

**I was Assessed a Monetary Penalty. Do I Need to Pay it Now?**
No. You do not need to pay any monetary penalties while your administrative review is pending.

**Can I Have Someone Represent Me, such as an Attorney?**
Yes, but you must first send a Letter of Representation or a copy of your retainer agreement to the email SM.FN.SNAP-ARB@usda.gov, or to the mailing address at the end of this letter. The letter of representation authorizes FNS to communicate with your representative. The letter must be signed by a store owner. Please include the store name, address, and case number. If we do not recieve a signed Letter of Representation or retainer agreement, we will send all correspondence to the store owner(s) only. Please note that if you have already submitted a Letter of Representation to ROC and your authorized representative has not changed, you do not need to resubmit it.

The rules governing your review rights are contained in 7 CFR 278.6(n) and 7 CFR 279 of the SNAP regulations.


Sincerely,

Jon Yorgason
Chief, Administrative and Judicial Review Branch
Supplemental Nutrition Assistance Program
Food and Nutrition Service, USDA
1320 Braddock Place, 5th Floor
Alexandria, VA 22314
Email: SM.FN.SNAP-ARB@usda.gov



# JOSEPH VACCARO

Attorney – At – Law

Direct Dial / Text:  215 – 527 – 0887

e-mail:  vaccaroesq@erielawcenter.com

*Mailing Address*:

P. O. Box 113
Deerfield, NJ  08313

*Kindly Send All Correspondences
to the Mailing Address,
via E-Mail, or via Text Message*

*REPRESENTING CLIENTS IN
NJ & PA MATTERS*

*New Jersey Office:*

212 Laurel Heights Drive
Unit 212
Bridgeton, NJ  08302

*Pennsylvania Office:*

3000 No. 06TH Street
Philadelphia, PA  19133

OCTOBER 09, 2023

**VIA:   ELECTRONIC MAIL, SM.FN.SNAP-ARB@USDA.GOV**

CHIEF, ADMINISTRATIVE REVIEW BRANCH
USDA, FNS
1320 BRADDOCK PLACE
FIFTH FLOOR
ALEXANDRIA, VA  22314

|  | Re: | **CASE No.:** | **C0265321** |
|---|---|---|---|
|  |  | **MY CLIENT(S):** | **FRANKLYN De JESUS RODRIGUEZ ZAPATA** |
|  |  |  | **JEISYS FOOD MARKET, Inc.** |
|  |  | **LOCATION:** | **5701 GERMANTOWN AVENUE** |
|  |  |  | **PHILADELPHIA, PA  19144-2136** |

Dear Sir/Madam:

Good evening.  My name is Joseph Vaccaro; and I am the attorney for the store located at the above-referenced address.  This is the firm or participant in your Program who has been declared to be subject to a permanent disqualification per the Program's correspondence dated September 29, 2023.

I am respectfully submitting this Request for Review pursuant to Section 278.6 & Part 279 of the SNAP Regulations, as well as all other relevant and appropriate statutes, regulations, case law, and rules, of the Program's decision to impose the permanent disqualification of my client from the Program (nunc pro tunc if applicable), and alternatively the Program's decision to deny my client's request for Civil Monetary Penalty, which it can nonetheless not afford.

By way of background, Mr. Rodriguez' position is that he was never informed of the initial charge letter dated September 13, 2023.  Can you please forward to me a copy of the initial charge letter along with its tracking information, so that we can conduct our own internal investigation:  had my client received the initial charge letter, he would have retained me earlier and submitted an earlier response.

OCTOBER 09, 2023
CHIEF, ADMINISTRATIVE REVIEW BRANCH
USDA, FNS
*PAGE TWO*

We also respectfully request a copy of the government's entire file on this investigation as well as a full evidentiary hearing all issues raised by the Government's allegations, actions, and omissions, as a lack of hearing wherein my client can face its accuser, with an opportunity to cross-examine the government's accusing witness(es), has violated my client's substantive and procedural due process rights afforded by the United States Constitution and applicable statutes and regulations.

Furthermore, as best as my client recalls & understands, this is the first time that the Program has made any allegation of impropriety against it.

Can you please confirm receipt of this correspondence in writing?

As our investigation is ongoing, further supporting information and argument will be filed in writing at a later date.

We look forward to a mutually agreeable resolution of these claims.  Thank you in advance for your time and kind courtesies in this important matter.

Respectfully,

*Joseph Vaccaro*

JOSEPH VACCARO

October 13, 2023

 **United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Delivery Tracking Number: via email

Joseph Vaccaro, Esquire

3000 No. 06th Street
Philadelphia, PA 19133

RE: Case Number - C0265321
Jeisys Food Market Inc
5701 Germantown Ave
Philadelphia, PA 19144-2136

Dear Counselor,

The Administrative and Judicial Review Branch (AJRB) has assigned your case to Administrative Review Officer Mary Kate Karagiorgos to review the determination made by the Office of Retailer Operations and Compliance (ROC) about the participation of Jeisys Food Market Inc in the Supplemental Nutrition Assistance Program (SNAP).

In order for your case to be reviewed, you must provide the following information by the due date listed below:

- The reason(s) why you believe a review is warranted, and
- New information and/or documentation to support your position.

If you already provided the information above, you do not need to submit it again.

If you do not provide any reason(s) why you think your case should be reviewed, a review will not be conducted and the action taken against your store will become final.

AJRB cannot advise you on what information or documentation to submit.

**Due date: November 03, 2023**
All supporting information and documentation you want us to consider in our review must be submitted to the assigned Administrative Review Officer (ARO) by this date.

**E-mail: marykate.karagiorgos@usda.gov**
E-mail your supporting information and documentation to this e-mail address with the following subject line: "Jeisys Food Market Inc, Case Number C0265321 Supporting Information."

If you prefer to submit your information by mail or courier service, it must be postmarked by the due date. Send it to: Mary Kate Karagiorgos, Administrative and Judicial Review Branch, USDA, FNS, 1320 Braddock Place, 5th Floor, Alexandria, Virginia 22314.

**What Will Happen During FNS's Review of My Store's Case?**

- Any information you provide by the due date will be added to your file.
- Once the due date has passed, we will review all available evidence in your case and decide if it supports the determination against your store.

**How Long will it Take to Reach a Decision on My Case?**
AJRB strives to make a Final Agency Decision within 120 days of the date your case is assigned to an ARO.

**How Will I Know When the Review Is Over?**
When the review is complete, we will send you (and your representative, if applicable) an e-mail which contains the Final Agency Decision.

The Final Agency Decision will indicate that the determination taken by ROC was sustained, modified, or reversed. Should you disagree with the ARO's decision, we will provide you with information pertaining to additional appeal rights at the judicial level.

The rules governing your review rights are contained in 7 CFR 278.6(n) and 7 CFR 279 of the SNAP regulations.

Sincerely,

Jon Yorgason
Chief
Administrative and Judicial Review Branch
Supplemental Nutrition Assistance Program
Food and Nutrition Service, USDA

**United States Department of Agriculture**

USDA

Food and Nutrition Service

Retailer Policy Division

Administrative and Judicial Review Branch

1320 Braddock Place, Rm. 5042 Alexandria, VA 22314

Phone: (978) 314-0046

Fax: (844) 629-1722

MaryKate. Karagiorgos @usda.gov

January 9, 2024

Joseph Vaccaro, Attorney
3000 No. 06th Street
Philadelphia, PA 19133

Re:     Franklyn De Jesus Rodriguez Zapata, Owner
        Jeisys Food Market Inc.
        5701 Germantown Ave.
        Philadelphia, PA 19144-2136

Dear Counselor:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service, in response to your October 6, 2023, request for administrative review.  Included is a statement regarding relevant rights to a judicial review.

It is the decision of the USDA that there is sufficient evidence to support a finding that a permanent disqualification from participating as an authorized retailer in the Supplemental Nutrition Assistance Program was properly imposed against Jeisys Food Market Inc. by the Retailer Operations Division.

Sincerely,

Mary Kate Karagiorgos
Administrative Review Officer

Enclosure – Final Agency Decision

cc:     Appellant

<<<     EXHIBIT FOUR     >>>



USDA is an equal opportunity provider, employer and lender.

**U.S. Department of Agriculture**
**Food and Nutrition Service**
**Administrative Review Branch**

| | |
|---|---|
| **Jeisys Food Market Inc.,** | |
| **Appellant,** | |
| **v.** | **Case Number: C0265321** |
| **Retailer Operations Division,** | |
| **Respondent.** | |

## FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS) that there is sufficient evidence to support a finding that the permanent disqualification of Jeisys Food Market Inc. (Appellant) from participation as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP), as initially imposed by the Retailer Operations Division, was appropriate.

## ISSUE

The issue accepted for review is whether the Retailer Operations Division took appropriate action, consistent with 7 CFR § 278.6(a) and (e)(1) in its administration of the SNAP, when it assessed a permanent disqualification against Appellant.

## AUTHORITY

7 USC § 2021 and the implementing regulations at 7 CFR § 279.1 provide that "A food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

USDA conducted an investigation of the compliance of Appellant with federal SNAP law and regulations during the period from April 28, 2023, through May 9, 2023. The investigation report documents that personnel at Appellant exchanged cash for SNAP benefits during two of the visits. The store employees also sold ineligible non-food items in exchange for SNAP benefits. The buying or selling of SNAP benefits for cash or consideration other than eligible food is trafficking as defined under 7 CFR §271.2.

As a result of evidence compiled from the investigation, the Retailer Operations Division informed Appellant, in a letter dated September 13, 2023, that it was charged with violating the terms and conditions of the SNAP regulations.  Appellant did not reply to the charge letter.

After considering the evidence, the Retailer Operations Division notified Appellant in a letter dated September 29, 2023, that the firm was permanently disqualified from participation as an authorized retailer in SNAP in accordance with Section 278.6(c) & § 278.6(e)(1) for trafficking violations.  This determination letter further stated that Appellant was not eligible for a trafficking CMP because it failed to timely submit sufficient evidence to demonstrate that the firm had established and implemented an effective compliance policy and program to prevent violations of the SNAP.

In a letter dated October 6, 2023, Appellant appealed the Retailer Operations Division's determination and requested an administrative review.  The appeal was granted. On October 18, 2023, Appellant's newly acquired counsel requested documents related to the case.  Appellant's counsel did not provide any additional information in support of Appellant's administrative review request.

## STANDARD OF REVIEW

In appeals of adverse actions, the Appellant bears the burden of proving by a preponderance of the evidence, that the administrative actions should be reversed.  That means the Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW

The controlling statute in this matter is contained in the Food and Nutrition Act of 2008, as amended, 7 USC § 2021 and § 278 of Title 7 of the Code of Federal Regulations (CFR).  Part 278.6(a), (c) and (e)(1) establish the authority upon which a permanent disqualification may be imposed against a retail food store or wholesale food concern in the event that personnel of the firm have engaged in trafficking SNAP benefits.

7 USC § 2021(b)(3)(B) states, in part:

> … a disqualification under subsection (a) shall be … permanent upon … the first occasion or any subsequent occasion of a disqualification based on the purchase of coupons or trafficking in coupons or authorization cards by a retail food store or wholesale food concern or a finding of the unauthorized redemption, use, transfer, acquisition, alteration, or possession of EBT cards …

7 CFR § 271.2 states, in part, that, eligible foods means:

> Any food or food product intended for human consumption except alcoholic beverages, tobacco and hot food and hot food products prepared for immediate consumption.

2

7 CFR § 278.6(a) states:

> FNS may disqualify any authorized retail food store . . . if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or this part.  Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations,...

7 CFR § 278.6(e)(1) reads, in part:

> FNS shall disqualify a firm permanently if personnel of the firm have trafficked as defined in § 271.2.

7 CFR § 271.2(1) defines trafficking, in part, as:

> The buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone.

7 CFR § 278.6(i) states, in part:

> FNS may impose a civil money penalty in lieu of a permanent disqualification for trafficking . . . if the firm timely submits to FNS substantial evidence which demonstrates that the firm had established and implemented an effective compliance policy and program to prevent violations of the Program.

7 CFR § 278.6(b)(2) states, in part:

> (ii) Firms that request consideration of a civil money penalty in lieu of a permanent disqualification for trafficking shall have the opportunity to submit to FNS information and evidence as specified in § 278.6(i), that establishes the firm's eligibility for a civil money penalty in lieu of a permanent disqualification in accordance with the criteria included in § 278.6(i).  **This information and evidence shall be submitted within 10 days, as specified in § 278.6(b)(1)**. [Emphasis added.]

> (iii) **If a firm fails to request consideration for a civil money penalty** in lieu of a permanent disqualification for trafficking **and submit documentation and evidence** of its eligibility **within the 10 days** specified in § 278.6(b)(1), **the firm shall not be eligible** for such a penalty. [Emphasis added.]

3

## INVESTIGATION DETAILS

An investigator conducted five compliance visits at Jeisys Food Market Inc. from April 28, 2023, through May 9, 2023.  The investigative report dated August 24, 2023, was provided to the Appellant as an attachment to the charge letter and included Exhibits A through E which provide details on the results of each compliance visit.  The investigative report documents that SNAP violations were committed during two of the compliance visits.  The investigation reported that personnel exchanged $50.00 in cash for an unknown amount of SNAP benefits (Exhibit D) on one occasion and on another occasion exchanged $50.00 in cash for $90.00 in SNAP benefits (Exhibit E).  Transactions of this nature are referred to in the regulations as "trafficking".  During the visits, Appellant also exchanged ineligible non-food items, including a cleaning pad, plastic cutlery, plastic forks, toilet bowl cleaner, and dish liquid, for SNAP benefits.

## APPELLANT'S CONTENTIONS

In its October 6, 2023, administrative review request, Appellant provided the following summarized contentions, in relevant part:

- Appellant never received the charge letter.
- Appellant denies trafficking as trafficking is strictly forbidden at its establishment.
- Appellant takes this seriously and has placed new flyers around the store, so customers and employees understand the rule sand regulations of the SNAP.
- Appellant is committed to enforcing all rules of the program.

## ANALYSIS AND FINDINGS

Appellant denies trafficking.  The investigation report, which was provided as an attachment to the charge letter, is specific and details each occasion during which violations occurred, their dates, the amount of cash provided in exchange for SNAP benefits, and the descriptions and any comments of the clerk involved.  A full review of the case record shows that the charges of violations are based on the findings of a formal investigation.  The transactions cited in the letter of charges were conducted by an investigator and are thoroughly documented.  The evidence in the record includes EBT receipts which substantiate the amounts of the trafficking transactions cited in the investigative report and photos of the items purchased.  A complete review of this documentation has yielded no error or discrepancy.

The documentation presented by the Retailer Operations Division establishes by a preponderance of the evidence that the violation as reported occurred at Appellant.  The evidence indicates that the violation described in Exhibits D and E of the investigation report meet the definition of trafficking.  The documentation presented by the Retailer Operations Division establishes by a preponderance of the evidence that the violations as reported occurred at Appellant.  Trafficking in SNAP benefits is an extremely serious violation and both 7 USC §2021(b)(3)(B) and 7 CFR §278.6(e)(1)(i) state that a first-time violation warrants a permanent disqualification.

**Receipt of Charge Letter**

Appellant contends that it never received the letter of charges. The regulations stipulate that FNS shall issue a notice to the firm by using any delivery method as long as the method provides evidence of delivery to inform the firm of the determination and review procedure. As such, the record shows that UPS delivered the charge letter to the correct address on record, on September 14, 2023, and was signed by "niosas."

While the UPS Delivery Notification may not contain the complete name of the individual who signed for the Charge letter, the evidence does support that this letter was received at Appellant's store. However, Appellant did not respond to the charges. After considering the evidence of the case, Retailer Operations Division determined that a permanent disqualification was warranted. Appellant's allegation that it did not receive the letter of charges does not provide any valid basis for dismissing the serious charges of trafficking nor for mitigating the penalty imposed.

Moreover, it should be noted that the agency's due process procedures are two-fold in nature. First, the retailer is afforded an opportunity to reply to the charges. After the determination letter is issued, the second level of due process involves an administrative review. The purpose of the administrative review process is to ensure that firms aggrieved by Retailer Operations Division's adverse actions can have their position fairly considered by an impartial reviewing authority prior to that adverse action becoming final. Appellant has been duly given the opportunity to present to USDA through the administrative review process whatever evidence and information it deems pertinent in support of its position that Retailer Operations Divion's adverse action should be reversed.

**Corrective Action**

Appellant explains that it has placed posters around the store, so customers and employees are aware the SNAP requirements. It is important to clarify for the record that the purpose of this review is to either validate or to invalidate the earlier decision of the Retailer Operations Division. This review is limited to what circumstances were at the basis of the Retailer Operations Division action at the time such action was made. It is not within the authority of this review to consider what subsequent remedial actions may have been taken or will be taken in the future so that a store may begin to comply with program requirements. There is no provision in the SNAP regulations for waiver or reduction of an administrative penalty assessment based on corrective actions implemented after investigative findings of program violations. Therefore, Appellant's contention that it took corrective action to prevent future violations does not provide any valid basis for dismissing the charges or for mitigating the penalty imposed.

**Civil Money Penalty**

In the charge letter, the Retailer Operations Division informed Appellant of its right to request a trafficking CMP under 7 CFR § 278.6(i). Appellant was informed that it would need to provide both the request and supporting evidence within ten calendar days of receiving the charge letter and that no extension of time could be granted for making the request or for providing the required evidence. Appellant did not request consideration for a trafficking CMP in lieu of a

permanent disqualification under 7 CFR § 278.6(i), even though it was informed of the right to do so in the charge letter.

Even if a timely request had been submitted, Appellant would likely not have been eligible for a trafficking CMP in lieu of disqualification because there is insufficient evidence to demonstrate that the firm had established and implemented an effective compliance policy to prevent SNAP violations. Therefore, the Retailer Operations Division's decision not to impose a trafficking CMP in lieu of disqualification is sustained as appropriate pursuant to 7 CFR § 278.6(i).

## CONCLUSION

The evidence supports by a preponderance that program violations did occur during a USDA investigation. Therefore, the decision to impose a permanent disqualification against Appellant is sustained. The determination that Appellant is not eligible for a CMP is also sustained.

## RIGHTS AND REMEDIES

Applicable rights to a judicial review of this decision are set forth in 7 USC § 2023 and 7 CFR § 279.7. If a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which the Appellant's owner resides or is engaged in business, or in any court of record of the State having competent jurisdiction. If a complaint is filed, it must be filed within 30 days of delivery of this decision. The judicial filing timeframe is mandated by the Act, and this office cannot grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

MARY KATE KARAGIORGOS                         January 9, 2024
Administrative Review Officer